# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2020

Lyle W. Cayce
Clerk

No. 20-60532
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARVIN R. BROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-64-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

In July 2016, Marvin R. Brown, federal prisoner # 17998-043, was sentenced to a total of 240 months of imprisonment following his convictions for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, possession with intent to distribute 50 grams or more of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60532

methamphetamine, and possession with intent to distribute methamphetamine. He now appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion to reduce his sentence, in which he sought compassionate release based upon the COVID-19 pandemic and his underlying medical condition of diabetes.

Brown argues that the district court abused its discretion when it denied his motion because it weighed the 18 U.S.C. § 3553(a) sentencing factors as they existed when he was sentenced rather than as they existed when he filed his motion for compassionate release. Additionally, he contends that the district court afforded insufficient weight to significant factors such the deficient response by the Bureau of Prisons (BOP) to the pandemic, the risk he faces as a diabetic during the pandemic, his subsequent acceptance of responsibility, and his efforts at rehabilitation.

We review the denial of a motion for a sentence reduction under § 3582(c)(1)(A)(i) for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). In conducting that review, we give deference to the district court's application of the § 3553(a) sentencing factors. *Id.* A district court abuses its discretion when its decision is based on an error of law or a clearly erroneous assessment of the evidence. *Id.*

Brown's arguments do not establish that the district court abused its discretion. *See Chambliss*, 948 F.3d at 693-94. His mere disagreement with how the district court balanced the § 3553(a) factors is insufficient to establish an abuse of discretion and "is not a sufficient ground for reversal." *Id.* at 694. It is evident from the district court's decision that it considered Brown's arguments and determined that the balance of the § 3553(a) factors did not favor a reduction in his sentence. It was not unreasonable for the district court to afford greater weight to the seriousness of Brown's convictions, the amount of time served on his sentence, and the need for just

No. 20-60532

punishment, than the weight it placed upon Brown's postsentencing rehabilitation, his medical issues, the impact of the pandemic at FCI Oakdale, and the BOP's response to the pandemic. *See Chambliss*, 948 F.3d at 693-94; § 3553(a)(1), (a)(2)(A).

AFFIRMED.